IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-149- |
| | § | SDJ-CAN |
| ANGEL DANIEL PEREZ-PEREZ (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Angel Daniel Perez-Perez's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on April 3, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by the Federal Public Defender's Office, specifically Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Sean Taylor.

Defendant was sentenced on July 17, 2018, before The Honorable Raner C. Collins of the District of Arizona, after pleading guilty to the offense of Reentry of Removed Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Defendant was subsequently sentenced, pursuant to a binding plea agreement, to 18 months imprisonment, with credit for time served, followed by 3 years supervised release. Said term of supervised release is subject to the standard conditions of release, plus special conditions to include deportation from the United States. On January 24, 2020, Defendant completed his period of imprisonment and began service of the supervision term.

On March 28, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 7, Sealed]. The Petition asserts that Defendant

violated two (2) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; and (2) If deported, you must not re-enter the United States without legal authorization [Dkt. 7 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On April 13, 2021, a Denton, Texas, police officer made contact with Defendant, who was the sole occupant of vehicle that was blocking a road exit. Defendant, who identified himself as Josue Lopez Irias, flipped-off the officer and refused to answer his questions or exit the vehicle. When Defendant attempted to close his car door, the officer swung the door open and assisted Defendant with exiting the vehicle. The officer then detected a strong odor of alcohol coming from Defendant's breath. Defendant refused to submit to standard field sobriety tests and a voluntary blood draw. He was arrested for Driving While Intoxicated, as he presented with dirty and soiled clothing, bloodshot and watery eyes, was uncooperative, had slurred speech, and an unsteady balance. A search of his vehicle revealed a empty 357ml bottle of vodka and a bottle of vodka that was one-fourth full. He is pending a charge of Driving While Intoxicated (DWI) in the Denton County, Texas, Criminal Court #5, Docket Number CR-2021-06996-E. On March 27, 2023, Defendant was convicted of Driving While Intoxicated and sentenced to 100 days custody. Subsequent to Defendant's arrest for DWI, a computer search revealed he had previously been deported and was unlawfully present in the United States at the time of his arrest. He was subsequently convicted of Reentry of Deported Alien in the U.S. District Court for the Eastern District of Texas, Docket Number 4:21CR00127. On October 17, 2022, Defendant was sentenced to 63 months imprisonment followed by 3 years supervised release; and (2) Subsequent to an arrest from Driving While Intoxicated on April 13, 2021, in Denton, Texas, Defendant was found unlawfully present in the United States [Dkt. 7 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 15; 16].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twelve (12) months and one (1) day, to run consecutively to 4:21CR127, with no term of supervised release to follow.

**SIGNED this 26th day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE